IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02682-RMR-SBP

KENDALL AUSTIN,

    Plaintiff,

v.

SHERIFF TYLER S. BROWN, et al.,

    Defendants.

## ORDER GRANTING MOTION TO STRIKE

**Susan Prose, United States Magistrate Judge**

This matter is before this court on Defendants' Motion to Strike Plaintiff's Untimely Expert Disclosure of Dr. Robert McIntyre, ECF No. 135 ("Motion" or "Motion to Strike"), which was referred to this court pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated December 16, 2021, ECF No. 14; and the Memorandum dated April 11, 2023, ECF No. 137. The court has reviewed the Motion to Strike and related briefing, ECF Nos. 135, 149, 159, and heard oral argument on the Motion. For the reasons set forth below, the Motion to Strike is **GRANTED** and Dr. Robert McIntyre is precluded from testifying at trial.

### BACKGROUND

This case is premised on Plaintiff Kendall Austin's contention that Defendants coerced him into confessing to a murder he did not commit. *See* Second Am. Compl., ECF No. 119 ¶ 1. Plaintiff was jailed more than three years before the prosecution dismissed all charges against him. *Id.* ¶ 2. In this action, he brings claims pursuant to 42 U.S.C. § 1983 for malicious

prosecution and conspiracy against the individual defendants, who work for the Arapahoe County Sheriff's Office and the Arapahoe County District Attorney's Office, and a *Monell* claim against the Arapahoe County Sheriff for maintaining policies, practices, and customs that allegedly violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments. *Id.* ¶¶ 151-80.

In the Motion, Defendants move to strike Plaintiff's untimely disclosure of an expert witness. The deadline for disclosure of affirmative experts in this matter was December 4, 2022. ECF No. 89. Rebuttal expert disclosures were due January 23, 2023. ECF Nos. 116, 118. From the beginning, the court made clear that these deadlines applied to experts designated pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C)—specially-retained expert witnesses required to provide a report and non-retained experts who were not required to provide a report, respectively. ECF No. 39 at 14.

Weeks after the rebuttal expert disclosure deadline, on February 28, 2023, Plaintiff included in a set of disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)—the rule governing *non-expert* disclosures—the following information:

> **I.    The name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely impeachment.**
>
> 43.    Robert McIntyre, Ph.D.
> 2305 Canyon Blvd., #205
> Boulder, CO, 80302
> 303-442-7220
> (Non-specially retained expert. Dr. McIntyre may provide testimony consistent with his Psychological Evaluation of Plaintiff, which was previously disclosed at PLT 006604 – PLT 006617)

Pl.'s Fifth Suppl. Fed. R. Civ. P. 26(a)(1) Disclosures, ECF No. 135-1 at 1.

The "Psychological Evaluation of Plaintiff" referenced in Plaintiff's Rule 26(a)(1) disclosure of Dr. McIntyre had been conducted five years earlier, on March 11, 2018, and memorialized in a report dated March 14, 2018. ECF No. 136 (restricted document) (the "McIntyre Report"). The McIntyre Report was prepared in Plaintiff's criminal case for the purpose of evaluating his "interrogative suggestibility." *Id.* At 2. Plaintiff had produced the McIntyre Report to Defendants at some point early in the course of discovery in this action, in response to a request for production broadly seeking documents from Plaintiff's criminal case. Mot. at 2. There is no dispute, however, that until Plaintiff submitted his Fifth Supplemental Rule 26(a)(1) disclosures on February 28, 2023, Plaintiff had *not* disclosed Dr. McIntyre as an affirmative or rebuttal expert in this case in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) or the deadlines established by the court for making those disclosures. *See id.*

Plaintiff asserts that the impetus for his listing Dr. McIntyre in his Rule 26(a)(1)(A) disclosures was the allegedly "improper expansion" during a deposition of the opinions of Blake McConnell, an expert retained by Defendants. Resp. to Mot. to Strike ("Resp."), ECF No. 149 at 2. Plaintiff claims to have learned for the first time in deposing Mr. McConnell on February 17, 2023, about Mr. McConnell's supposed intention to offer an "opinion [that] was not properly set forth in his expert reports" (*id.* at 2, 4)—an opinion Plaintiff apparently believes that Dr. McIntyre can rebut. But instead of conferring with opposing counsel and asking the court to allow him to designate a rebuttal expert outside the timeframe established in the scheduling

3

order, Plaintiff simply inserted Dr. McIntyre's name in a list of fact witnesses disclosed pursuant to Rule 26(a)(1)(A).[1]

Defendants argue that this backdoor manner of disclosing a retained expert—a psychologist who had offered expert opinions during Plaintiff's criminal case and was paid for his work—requires that Dr. McIntyre's expert designation be stricken. For the reasons set forth below, this court respectfully agrees.

## ANALYSIS

### I. Legal Standards for Expert Disclosures

Rule 26(a) requires a party to disclose the identity of any expert witness it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). A party must make this disclosure "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The court ordinarily, as it did here, sets the time and sequence for disclosing experts in a scheduling order, with extensions of the dates occurring as modifications to the scheduling order. Fed. R. Civ. P. 16(b)(1). Rule 16(f) states that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Tenth Circuit has explicitly recognized the authority of a trial court to sanction a party for failure to adhere to a scheduling order:

> [T]here can be no doubt that [Rule 16(f)] indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers

---

[1] Since filing the Motion to Compel, Defendants have moved to exclude the testimony of David Thompson, who has been designated by Plaintiff as an expert in "false confessions" and "reliability," pursuant to Federal Rule of Evidence 702. *See* ECF No. 166. Plaintiff now seeks to file his own Rule 702 motion outside the prescribed timeframe, *see* ECF 174 and RMR Civ. Practice Standard 7.1C(a), and apparently intends to move to strike Blake McConnell's testimony.

and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.

*Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc). "The primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation. The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court." *Id.* at 1441.

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rather than focusing on bad faith of the movant or prejudice to the opposing party, the "good cause" inquiry focuses on the diligence of the party seeking amendment. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The court thus may sanction a party, including but not limited to striking the subject disclosure, when a party fails to abide by the court's scheduling order. Fed. R. Civ. P. 16(f); 37(b)(2)(A)(ii)–(vii). Similarly, Rule 37(c) provides that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Four factors guide the court's exercise of its

discretion in determining whether a violation of Rule 26(a) is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. (citations omitted). In seeking to avoid a preclusion sanction, the party responsible for a Rule 26(a) violation bears the burden of showing the failure was substantially justified or harmless. *See, e.g.*, *Contour Pak, Inc. v. Expedice, Inc.*, Civil Action No. 08-cv-01091-PAB-KMT, 2009 WL 2490138, at *1 (D. Colo. Aug. 14, 2009) (citing Rule 37(c)(1) and noting that the burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures); *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, Civil Action No. 10-cv-02516-WJM-KLM, 2015 WL 72360, at *3 (D. Colo. Jan. 5, 2015) (recognizing that the burden under the *Woodworker's Supply* factors rests with the party who failed to make timely disclosures).

**II.     Application of the *Woodworker's Supply* Factors**

To begin, the court rejects Plaintiff's suggestion that Dr. McIntyre is not a specially retained expert subject to the disclosure requirements set forth in Rule 26(a)(2)(B). *See* Resp. at 5 n.2. The record is clear that Dr. McIntyre was hired by Plaintiff's counsel[2] (and presumably paid) in the underlying criminal case to offer opinions, and that Plaintiff claims no independent patient/treater relationship with Dr. McIntyre. Consequently, Plaintiff's counsel was obliged to ensure that, by the appropriate expert-disclosure deadline set forth in the scheduling order, Dr.

---

[2] There appears to be no dispute that Plaintiff's counsel in this case also represented him in the underlying criminal proceeding. *See* Reply in Supp. of Mot. to Strike, ECF No. 159 at 2.

McIntyre produce a written report and all of the other information required of retained experts. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring disclosure of exhibits supporting opinions, the witness's qualifications, a list of his testimony, and a statement concerning his compensation in the instant case).

Plaintiff indisputably did not satisfy these requirements. Rather than squarely facing the fact that any disclosure of Dr. McIntyre would be late and seeking the court's permission to disclose this retained expert out-of-time, Plaintiff attempted to wedge Dr. McIntyre into a Rule 26(a)(1) disclosure by dubbing him a "non-specially retained expert"—improperly characterizing him as an expert under Federal Rule of Civil Procedure 26(a)(2)(C). Regardless, a disclosure of a Rule 26(a)(2)(C) expert on February 28, 2023, still would have been late. *See* ECF No. 39 at 14 (establishing same deadlines in scheduling order for both Rule 26(a)(2)(B) and Rule 26(a)(2)(C) experts).

Therefore, the court turns to the question of whether exclusion of Dr. McIntyre's opinions is an appropriate sanction for Plaintiff's untimely and incomplete disclosure. As noted above, the determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of this court. *Woodworker's Supply*, 170 F.3d at 993.

***Surprise and prejudice.*** As to the first *Woodworker's Supply* factor, whether there is "prejudice or surprise to the party against whom the testimony is offered" (*id.*), this court finds that Defendants were in fact surprised to discover the disclosure of a retained expert embedded in supplemental Rule 26(a)(1) disclosure weeks after the deadline for rebuttal expert disclosures had passed. The fact that the McIntyre Report had earlier been provided in a mass production of documents from Plaintiff's criminal case does not alter the court's analysis. Defendants had no

7

means to ascertain that the inclusion of the McIntyre Report in a document production of some 5,000 pages somehow portended Plaintiff's intent to designate Dr. McIntyre as an expert in this civil action.

The surprise to Defendants was heightened by Plaintiff's affirmative designation (apparently timely and in accordance with Rule 26(a)(2)(b)) of a different expert whose opinions seem to encompass the topic of "interrogative suggestibility" on which Dr. McIntyre would opine. *See* "Expert Opinion Re: Confession Evidence" by David Thompson, ECF No. 159-2 at 1 (providing "an expert review of confession evidence and the application of interrogation techniques in the underlying criminal case of *People v. Austin*"); *see also id.* at 11 (offering the opinion that "presentation of fictitious evidence and persuasive techniques are especially dangerous when applied to youthful subjects or those with a diminished intellectual capacity"). Based on this information, as well as this court's review of the entire record presented here, the court finds no basis to conclude that anything so entirely new and unexpected emerged in the deposition of Mr. O'Connell as to warrant the designation of a new retained expert after the passage of the affirmative and rebuttal expert disclosure deadlines—particularly in a manner that violates both the scheduling order and the terms of the Federal Rules of Civil Procedure.

Defendants also have suffered prejudice by the late and incomplete disclosure of Dr. McIntyre. Defendants did not know that Dr. McIntyre's opinions bore any relevance to the case in advance of preparing their own rebuttal reports, nor did they have the ability to test Dr. McIntyre's theories about Plaintiff's cognitive abilities by means of their own independent psychological examination of Plaintiff. And Plaintiff's late and inadequate disclosure of Dr. McIntyre further deprived Defendants of the ability to issue written discovery requests directed

to Dr. McIntyre's opinions and to ask questions of other deponents that may have exposed vulnerabilities and inconsistencies in Dr. McIntyre's analysis. Put simply, Defendants' lack of knowledge that Dr. McIntyre was in the mix as discovery was progressing deprived them of the ability to incorporate his opinions into their litigation decisionmaking and to strategize accordingly.

Critically, the court perceives that Plaintiff's lack of adherence to the scheduling order has caused broader harm and prejudice "to the legal system as a whole"—and to this court in particular. *Getzel v. ATS Specialized, Inc.*, Civil Action No. 21-cv-02836-DDD-NRN, 2023 WL 3276238, at *5 (D. Colo. Apr. 18, 2023). As another court in this District has put it:

> Scheduling orders are contemplated and designed to offer a degree of certainty in pretrial proceedings, ensuring that, at some point, the claims and evidence are fixed so that parties may proceed to trial. . . . They are not "optional deadlines that can simply be ignored or amended on a whim." . . . Deadlines exist for a reason. The adverse party should be entitled to rely on the limits and deadlines imposed in the scheduling order, which are to be modified only for good cause. Disclosing a new affirmative expert report after the deadline (and without permission) creates uncertainty, anxiety, and imposes unnecessary costs on the adverse party— prompting either more briefing (as in this case) or, if such late disclosures are allowed, more cost because the adverse party must then re-engage its own experts for new rebuttal reports.

*Id.* at *5 (internal citations omitted). This court respectfully agrees.

Here, Plaintiff's lack of adherence to the scheduling order has upended the progress of this case, causing prejudice to both Defendants and to this court's efforts to move cases forward by means of the framework established in a scheduling order that should be modified *only* upon specific request and for good cause. "This court has an independent responsibility for case management, [and] the scheduling orders cannot simply be cavalierly disregarded by counsel

without peril." *Phoenix Ins. Co. v. Cantex, Inc.*, Civil Action No. 13-cv-00507-REB-NYW, 2015 WL 5864868, at *4-5 (D. Colo. Oct. 8, 2015) (striking expert disclosure where counsel belatedly disclosed an expert in a "Supplemental Disclosure" without seeking permission from the court) (internal citations omitted); *Baldwin v. United States*, Civil Action No. 11-cv-02033-MSK-KLM, 2012 WL 1836097, at *1 (D. Colo. May 21, 2012) ("Rule 16 scheduling orders are at the heart of case management, and if they can be flouted every time counsel determines he made a tactical error in limiting discovery, their utility will be severely impaired.") (quoting *Home Design Servs., Inc. v. Trumble*, Civil Action No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *8 (D. Colo. Apr. 9, 2010)).

*No ready cure for prejudice.* The second *Woodworker's Supply* factor asks whether the prejudice caused by Plaintiff's Rule 26(a) violation can be cured. *See* 170 F.3d at 993. The court finds that the prejudice here admits of no ready cure. Indeed, the court sees no way to fully cure the prejudice, short of reopening expert discovery to allow Defendants to retain an expert specifically for the purpose of rebutting the opinions of Dr. McIntyre, to give Defendants an opportunity to schedule an independent psychiatric examination of Plaintiff, and to reopen other depositions (including potentially Plaintiff's) and written discovery to allow Defendants to fully probe the opinions Dr. McIntyre purports to offer. Without question, this would result in additional cost to Defendants and the prolonging of this case. *See, e.g.*, *City of Las Cruces v. Lofts at Alameda, LLC*, Civil Action No. 17-809 JCH/GBW, 2023 WL 2366760, at *6 (D.N.M. Mar. 6, 2023) (recognizing that "any attempt to cure the prejudice to Plaintiffs would be massively expensive and lead to an exceptionally long delay in litigation"); *Scholl v. Pateder*, Civil Action No. 1:09-cv-02959-PAB-KLM, 2011 WL 3684779, at *5 (D. Colo. Aug. 22, 2011)

10

("Given that Plaintiffs' expert disclosure violations essentially require expert discovery to start anew as it relates to Dr. McAfee's opinions and any rebuttal opinions, including the provision of new reports and the reopening of depositions, I find that the prejudice to Defendant cannot be readily cured.").

*Trial delay and disruption.* With respect to the third *Woodworker's Supply* factor, the extent to which introducing new testimony from Dr. McIntyre would disrupt the trial, *see* 170 F.3d at 993, Judge Rodriguez will not set a trial until after ruling on any motion pursuant to Federal Rule of Civil Procedure 56. *See* RMR Standing Order Regarding Trial and Pre-Trial Procedures at 6. Regardless, the court finds that setting the trial necessarily *is* delayed by the need for the court to resolve this discovery dispute of Plaintiff's making. Therefore, the court weighs this factor against Plaintiff. *City of Las Cruces*, 2023 WL 2366760, at *6 (refusing to "rely on a lack of a trial date to justify" permitting party to make a late substitution of one expert witness for another: "Under [this] logic, the parties could continue to engage in discovery disputes and then rely on a lack of a trial date to justify prolonging discovery indefinitely. I am unwilling to conclude that a lack of a trial date is a viable reason for extending discovery, and the trial setting, once again.").

*Bad faith or willfulness.* Concerning the fourth *Woodworker's Supply* factor, "the moving party's bad faith or willfulness," *see* 170 F.3d at 993, the court has significant concern about the disclosure of Dr. McIntyre, embedded as it was in a Rule 26(a)(1) disclosure and made without prior notice to opposing counsel. Far from acting diligently to seek an amendment of the expert disclosure deadlines in the scheduling order, *see Gorsuch*, 771 F.3d at 1240, Plaintiff

11

made no effort to file a proper motion to amend the scheduling order to obtain permission to disclose an expert after the deadlines had passed.

Recognizing these concerns, the court nevertheless remains hesitant to find that Plaintiff acted in bad faith and with a willful purpose to delay the litigation or to prejudice Defendants' position in the case. At oral argument, counsel for Plaintiff explained that the late designation of Dr. McIntyre, in the unusual manner in which it was made, was an attempt to preserve Plaintiff's ability to rebut allegedly "new" opinions expressed by Mr. McConnell in a deposition that occurred after the rebuttal disclosure deadline. Plaintiff's counsel further stated that he had not earlier designated Dr. McIntyre as an expert because testimony concerning Plaintiff's "interrogative suggestibility" is not actually relevant to any issue in this civil case, and that the designation of Dr. McIntyre was only a protective measure. While not countenancing the manner in which Plaintiff dealt with the issue, the court concludes that the bad faith factor is largely neutral in its assessment of whether Dr. McIntyre's opinions should be excluded.

On balance, however, the court finds that the other factors decidedly weigh in favor of excluding Dr. McIntyre's testimony and that Plaintiff has failed to carry his burden to show that the violation was either justified or harmless. The court therefore orders that the sanction of exclusion be imposed. In making this determination, the court observes that Plaintiff remains able to challenge the supposedly previously undisclosed opinions of Mr. McConnell by means of a motion pursuant to Federal Rule of Evidence 702.[3]

---

[3] Plaintiff apparently intends to file such a motion. He has moved for an extension of the deadline to submit Rule 702 motions. ECF No. 174. That motion has not been referred to this court at this time.

## CONCLUSION

Accordingly, for the reasons set forth herein, Defendants' Motion to Strike Plaintiff's Untimely Expert Disclosure of Dr. Robert McIntyre, ECF No. 135, is **GRANTED**; the designation of Robert McIntyre is **STRICKEN** pursuant to Federal Rule of Civil Procedure 37(c)(1); and Dr. McIntyre is **PRECLUDED** from providing testimony in this matter.[4]

DATED: July 20, 2023

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[4] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").