## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02682-RMR-SBP

KENDALL AUSTIN,

      Plaintiff,

v.

SHERIFF TYLER S. BROWN, *et al.*,

      Defendants.

---

## ORDER GRANTING MOTION TO AMEND ANSWER TO SECOND AMENDED COMPLAINT

---

Susan Prose, United States Magistrate Judge

      This matter is before the court on the motion of Defendants Arapahoe County Sheriff Tyler S. Brown, Sergeant Bruce Peterson, and Investigator Niki Bales (collectively, the "Sheriff Defendants") to amend their Answer to Plaintiff Kendall Austin's second amended complaint. ECF No. 218 (the "Motion"). Mr. Austin opposes. ECF No. 225. The Sheriff Defendants replied. ECF No. 232. The Motion is referred (ECF No. 219), and the undersigned considers it pursuant to 28 U.S.C. § 636(b). For the reasons that follow, this court respectfully **GRANTS** the Motion.

## BACKGROUND

      The court assumes the reader's familiarity with the facts and procedural history of the case and will not repeat that background information here except as necessary to resolve the Motion. Mr. Austin alleges that Defendants knowingly or recklessly obtained an indictment against him by coercing him and another witness, Joseph Martin, to give false confessions. *See*

Second Am. Compl., ECF No. 119 ("SAC") ¶ 1 (filed January 10, 2023). In the underlying criminal case, Mr. Austin was indicted on a charge of felony murder in connection with the death of Andrew Graham, who was shot and killed near Park Meadows Mall on November 6, 2009. SAC ¶¶ 12, 115. Mr. Austin went to jail for three years until his trial, when the charge against him was dismissed by the district attorney's office. *Id.* ¶¶ 132, 134. He asserts that he "is completely innocent of the crime." *Id.* ¶ 12.

Mr. Austin raises claims under 42 U.S.C. § 1983 for malicious prosecution and conspiracy to maliciously prosecute Mr. Austin in violation of the Fourth Amendment (Claims One and Two), and a *Monell* municipal liability claim premised on the maintenance of policies, practices, and customs that allegedly violated Mr. Austin's rights under the Fourth, Fifth, and Fourteenth Amendments (Claim Three). *Id.* ¶¶ 151-80.

With respect to the conspiracy claim, Mr. Austin originally alleged that the Sheriff Defendants conspired only with Defendant Dickson and two individuals in the Sheriff's office (former defendants Detective Bruce Isaacson and Detective Marvin Brandt). ECF Nos. 1, 41. It is undisputed that the scheduling order's deadline for amending pleadings passed before Mr. Austin moved for leave to file the SAC. ECF No. 99 (motion to amend filed December 15, 2022).[1]

In the SAC, Mr. Austin added allegations that the Sheriff Defendants also conspired with members of the District Attorney's office (the "DA's Office"). *See* SAC at e.g., ¶¶ 19, 79, 115-121.

---

[1] It appears that the deadline to join parties and amend pleadings was May 13, 2022. ECF No. 39 (Scheduling Order) at 13.

Also with respect to the conspiracy claim, Mr. Austin originally alleged that Defendants engaged in "manipulating witness testimony." ECF No. 41 ¶ 159. In the SAC, Mr. Austin added several allegations concerning Defendants' plan with their co-conspirators (including the DA's Office) to "present misleading and false evidence to the grand jury," including testimony. *Id*. ¶¶ 119-21. The new allegations identify certain witnesses, including apparently the testimony of Defendants themselves, but these allegations are not limited to just the individuals identified therein. *Id*.

The Sheriff Defendants answered the SAC on February 7, 2023. ECF No. 129. They state eighteen affirmative defenses in their operative Answer, but they do not identify absolute immunity as a defense. *Id*. at 20-21.[2]

On May 18, 2023, Mr. Austin, Defendant Dickson, and the non-party DA's Office filed a stipulation concerning the scope of the depositions that Mr. Austin planned to take of two deputy district attorneys: Chris Wilcox and John Kellner. ECF No. 155. But those depositions did not take place before discovery closed on May 23, 2023. ECF No. 133.

Soon after the close of discovery, this court reopened and extended discovery for the limited "purpose of conducting the depositions of Chris Wilcox and John Kellner" by July 21, 2023. ECF No. 161 (minute entry of June 12, 2023). The Wilcox and Kellner depositions had been on Mr. Austin's radar screen for some time as Judge Varholak had required those depositions to wait until the criminal trial of Mr. Austin's co-defendant was completed. ECF No.

---

[2] The eighteenth affirmative defense is included in the same paragraph as the Affirmative Defense No. 17. In their proposed amended Answer, the Sheriff Defendants thus have two Affirmative Defenses No. 18. The court leaves to the Sheriff Defendants whether they wish to correct the numbering in refiling a clean version.

185 (June 12, 2023 Tr.) at 42, 46, 60-69, 71, 73.[3] However, on June 30, 2023, Mr. Austin's counsel informed Defendants that they "no longer wish[ed] to set up depositions of Wilcox and Kellner." ECF No. 225-1 (email between counsel).

On July 20, 2023, the Sheriff Defendants moved for judgment on the pleadings under Rule 12(c) on the conspiracy claim, asserting that the claim fails as to the alleged conspiracy with members of the DA's Office because the prosecutors had absolute prosecutorial immunity. ECF No. 178. The Sheriff Defendants argued that they therefore could not have agreed with the DA's Office to commit a tort, since that conduct could not be tortious for the prosecutors. The Sheriff Defendants also argued in that motion that witnesses to the grand jury have absolute testimonial immunity, and thus to the extent the conspiracy claim is based on testimony, it fails for the same reason: lack of an agreement to commit a tort. *Id.* at 3.

In a motion to strike the motion for judgment on the pleadings, Mr. Austin argued that Defendants' filing of the motion reneged on a prior agreement with him (to not bring a Rule 12 motion in return for his voluntarily dismissing Isaacson and Brandt) and that the absolute immunity issues involve facts outside the pleading, and therefore were inappropriate for a Rule 12 motion. ECF No. 189. Mr. Austin stated: "Plaintiff concedes that the Sheriff Defendants are free to advance these same arguments in their anticipated Rule 56 motion for summary judgment." *Id.* at 2. In opposing the Rule 12(c) motion, Mr. Austin did not object that the Sheriff Defendants had failed to plead absolute immunities in their Answer.

---

[3] This court also extended discovery a second time for another limited purpose, but that extension is not relevant here. ECF No. 183 (minute order of July 28, 2023).

On October 26, 2023, this court recommended that the motion for judgment on the pleadings be denied without prejudice to the Sheriff Defendants being able to raise these issues in a summary judgment motion. ECF No. 216 (the "October 26 Recommendation"). In its recommendation, this court included the following footnote:

> The court observes that the Tenth Circuit "has long held that both qualified and absolute immunity are affirmative defenses that must be pleaded," *Bentley v. Cleveland Cnty. Bd. of Cnty. Comm'rs*, 41 F.3d 600, 604-05 (10th Cir. 1994) (emphasis added) (collecting cases), and that Defendants do not appear to have specifically pleaded that defense in their Answer to the Amended Complaint. See ECF No. 129 at 20 ¶ 3 (pleading qualified, but not absolute, immunity as an affirmative defense). However, as explained below, *the court finds that all issues related to absolute[] immunity can be more fully assessed in connection with briefing in the summary judgment context.*

October 26 Recommendation at 3 n.1 (emphasis added).[4]

On November 9, 2023, the Sheriff Defendants filed the present Motion to amend their Answer. They seek to add the affirmative defenses they argued in the Rule 12(c) motion: that the DA's Office has absolute prosecutorial immunity, and all witnesses (including Defendants Peterson and Bales) have absolute testimonial immunity. ECF Nos. 218, 218-1 (redline version) 218-2 (clean version). The Sheriff Defendants believe it is not necessary for them to plead the absolute immunity of third persons as affirmative defenses because the immunities simply negate an element of the conspiracy claim on its elements – i.e., these are only ordinary defenses that need not be pleaded specifically. However, in light of this court's footnote 1 in the

---

[4] Mr. Austin did not object to the October 26 Recommendation, and on November 14, 2023, Judge Rodriguez adopted it. ECF No. 220.

recommendation, the Sheriff Defendants now believe the better course is to amend their Answer to avoid any implied or potential waiver of the third-person absolute immunity defenses.

Mr. Austin opposes the Motion, arguing that the Sheriff Defendants waived these affirmative defenses by not pleading them, they were not diligent as required to show good cause under Rule 16(b), and allowing the amendment would be unfairly prejudicial because Mr. Austin had relied on the absence of absolute immunity defenses in deciding not to depose the deputy district attorneys Wilcox and Kellner. ECF No. 225. He argues that he did not know until July 20, 2023, that the Sheriff Defendants intended to argue the prosecutors were absolutely immune, and at that point, there was only one day left in which to depose Wilcox and Kellner.

The Sheriff Defendants reply, among other things, that Mr. Austin knew a week beforehand that they planned to raise absolute prosecutorial immunity. ECF No. 232-1 (email to Mr. Austin's counsel, dated July 14, 2023). Thus, in Defendants' view, Mr. Austin could have deposed Wilcox and Kellner within the allowed time or could have requested an extension.

## LEGAL STANDARDS

Leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But it may be denied in situations where the proposed amendment is the result of undue delay, undue prejudice to the nonmovant, bad faith or a dilatory motive by the movant, or where the proposed amendment is futile. *Sinclair Wyo. Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 777 (10th Cir. 2021). Ultimately, the court's focus is primarily the prejudice to the non-movant that would result from allowing amendment. *Id.*

In situations where amendment of pleadings would also require amendment of a Scheduling Order, the movant must also show "good cause" for the amendment under Fed. R.

Civ. P. 16(b)(4). *Seale v. Peacock*, 32 F.4th 1011, 1030 (10th Cir. 2022). To show good cause, the movant must demonstrate that "the scheduling deadlines [could not] be met despite the movant's diligent efforts." *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *XY, LLC v. Trans Ova Genetics, LC*, No. 17-cv-00944-WJM-NYW, 2022 WL 2716550, at *9 (D. Colo. July 13, 2022), *report and recommendation adopted*, 2022 WL 4298400 (D. Colo. Sept. 19, 2022) (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)).

The court has discretion whether to allow an amendment. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1217 (10th Cir. 2022), *cert. denied sub nom. San Juan Cnty. v. Chilcoat*, 143 S. Ct. 1748 (2023)). "[A] district court may withhold leave to amend if the amendment would be futile." *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resol. Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also, e.g.*, *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (same). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

The court also notes with respect to amendments to add affirmative defenses:

The 'best procedure is to plead an affirmative defense in an Answer or amended Answer.' But [even] if a party has not formally moved to amend its Answer under Rule 15(a) of the Federal Rules of Civil Procedure, a district court may allow the

party to 'constructively' amend [its] Answer,' such as by raising an affirmative defense in a motion for summary judgment.

*Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875, 884 (10th Cir. 2012) (quoting *Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006)). The decision whether to allow "constructive amendment" is in the court's discretion. *Id*.

## ANALYSIS

The court concludes that the Sheriff Defendants show good cause for the proposed amendment of their Answer. First, Mr. Austin does not address the Sheriff Defendants' proposed defense of absolute testimonial immunity at all. His response addresses only the proposed defense of absolute prosecutorial immunity. ECF No. 225. As such, the Sheriff Defendants have met the standards for adding the affirmative defense of absolute testimonial immunity that they currently denote as No. 19 in the proposed amended pleading.

Second, although Mr. Austin argues that the Sheriff Defendants lacked diligence in originally concluding that they did not need to plead the absolute immunity of the third-party prosecutors as an affirmative defense, he (a) never objected to their failure to plead this defense until after the October 26 Recommendation issued, and (b) does not point to any caselaw that made the point plain *with respect to a third-person's immunity* until this court's footnote in the October 26 Recommendation. The Sheriff Defendants had a reasonably logical argument that a third-person's absolute immunity could be understood as negating an element of the conspiracy claim (the agreement to commit a tort) against the Sheriff Defendants. In that view, the co-conspirator's absolute prosecutorial immunity would be only an ordinary defense, not an affirmative defense. Thus, it was arguably not plain to the Sheriff Defendants until the October

26 Recommendation that they should consider third-person absolute prosecutorial immunity an affirmative defense and plead it as such. In these circumstances, the court finds the Sheriff Defendants were reasonably diligent in filing the Motion soon after the October 26 Recommendation was issued.

This leaves the question of whether justice requires allowing the amendment, or if Mr. Austin instead has shown that the amendment would be unfairly prejudicial to him. Mr. Austin argues that he relied on the absence of the absolute immunity defense in the Sheriff Defendants' Answer when he decided (June 30, 2023) not to depose the deputy district attorneys Wilcox and Kellner. He argues that until the Sheriff Defendants filed their motion for judgment on the pleadings on July 20, 2023, he did not know that they intended to pursue the absolute prosecutorial immunity theory, and by that time, it was too late for him to depose Wilcox and Kellner by the July 21, 2023 deadline.

However, in reply, the Sheriff Defendants attach their conferral email of July 14, 2023, that informed Mr. Austin's counsel of their intent to file the Rule 12(c) motion asserting absolute immunity. ECF No. 232-1. Mr. Austin had a week in which to either depose Wilcox and Kellner or to seek an extension to do so. That he did not do either suggests that his decision to not take those depositions involved considerations other than the absence of an absolute immunity defense.

In addition, Mr. Austin alleges that the conspiracy with the DA's Office is reflected in or carried out by emails. *See, e.g.*, SAC ¶¶ 79, 117, 119. *See also* ECF No. 155 (attaching four emails between Defendants and members of the DA's Office, dating from 2015 to 2017, some of which are marked as deposition exhibits from Mr. Austin's deposition of Brandt). In his motion

to strike, Mr. Austin asserts that deposition testimony also supports his contention that absolute prosecutorial immunity does not apply. ECF No. 189 at 10 ("the determination will turn on facts contained in emails . . . and on deposition testimony about these emails and the meetings scheduled through these emails"). It thus appears that although Mr. Austin now wishes he had deposed Wilcox and Kellner (or at least Kellner; *see* ECF No. 185 Tr.), he does not lack evidence to rebut the affirmative defense that the Sheriff Defendants propose to add.

Moreover, as noted above, Mr. Austin also did not timely object or argue that the Sheriff Defendants had waived these affirmative defenses by failing to plead them. He instead expressly conceded in his motion to strike that the Sheriff Defendants could raise these theories in a summary judgment motion. ECF No. 189. He also did not timely object to this court's same conclusion in the October 26 Recommendation. Under these circumstances, even if the Sheriff Defendants had only raised the absolute immunity theories in a summary judgment motion, the court would have discretion to accept them as a constructive amendment. *See Ahmad*, 435 F.3d at 1202. In short, the court finds that the proposed amendment will not unfairly prejudice Mr. Austin. Nor does Mr. Austin show any other reason that the amendment should be denied.

## CONCLUSION

Accordingly, the Sheriff Defendants' motion (ECF No. 218) is GRANTED. The Sheriff Defendants shall refile a clean version of the proposed amended Answer within five business days of this order.[5]

---

[5] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will

DATED: May 23, 2024                          BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").